KENDY *et al. vs.* BEATTY.

Discretion not abused in granting an injunction.

April 8, 1889.

Injunction. Before Judge ADAMS. Chatham superior court. June term, 1888.

Isabella Beatty, Celia Scarboro and Margaret Ann

Beatty brought an action of ejectment against Josephine Kendy, returnable to the March term, 1888, of Chatham superor court, and the case was assigned for trial during the June term following. On June 13th, Adella E. Kendy, widow of Joseph P. Kendy, filed her petition alleging as follows : Andrew J. McDowell, by deed dated January 28th, 1873, conveyed to Joseph P. Kendy the property in question in trust for the sole use of Josephine Kendy, wife of Prince Kendy, for life, and after her death, in trust for Joseph P. Kendy and his heirs and assigns in fee. Joseph P. Kendy died September 8th, 1878, leaving petitioner his only heir. Josephine is still in life and in possession of the property and enjoying its profits, and DeLancey Jencks acts as trustee of said Josephine in the management of the property. Although the income therefrom is large and is received by Jencks, the taxes for parts of 1887 and 1888 have not been paid, and executions therefor have been levied on the property, which is advertised to be sold in July prox. therefor. Valuable dwelling-houses on the land are not insured. Although petitioner, as the only heir of Joseph P., is seized of a vested remainder in fee in the property, and although Jencks, as trustee, knew that the ejectment suit had been brought, Josephine having acknowledged service thereupon, neither he nor Josephine notified the petitioner of its pendency, but concealed it from her with the intention of defeating her estate in remainder, and she discovered its pendency by learning of the advertisement for tax sale ; she believes there is a fraudulent collusion and conspiracy between the parties to the ejectment suit to suffer the plaintiffs therein to recover, and to allow them to buy the property at the tax sale in order to interpose a tax title and to defeat petitioner's rights. Petitioner prays for injunction against the ejectment suit, that she

may be heard for her interest; that Josephine Kendy be adjudged to have forfeited her interest to petitioner because of her conduct in failing to protect the property, etc.; that Jencks be required to account for his acts in connection with the property; and that the trust be declared to be executed; and for general relief.

A temporary restraining order was granted. The plaintiffs in the ejectment suit made answer to the following effect: They deny that there is or has been any collusion or conspiracy between them and Jencks, trustee, and Josephine, or with any one else, to suffer a recovery of the land so as to defeat the estate in remainder, but they rely on the superiority of their title thereto; they also deny any such collusion with the object to buy in the property at the tax sale and to interpose the tax title as a defence against the right of petitioner, as they did not know that any taxes were due upon the property, or of the expected sale. In 1810, or thereabout, one Seaborn Jones, by deed, conveyed the land in fee to Prince Kendy, the grandfather of two of the respondents and the great-grandfather of the other, and he remained in possession fifteen years until his death in 1824 or 1825, one Jonathan Miggs acting as his trustee. Catherine Kendy (afterwards Beatty), mother and grandmother of respondents, was the daughter of Prince Kendy. She got title to the property by deed from Prince Kendy in 1823, and Jonathan Miggs acted as her trustee thereunder; in 1841 the property was delivered to her, and she held it until March 13th, 1875; defendants are her sole heirs, and claim title through her. While in possession, she gave verbal permission to her brother, the father of Joseph P. Kendy, to erect houses thereon, he agreeing to keep the property in good repair and pay the taxes from its income; he built houses and enjoyed the income until

his death, January 19th, 1877. After the death of his sister, the mother of respondents, he held as the tenant of respondents and never disputed their title, but always acknowledged the same to them and complied with the conditions of his tenancy. Prior to his death, his son Joseph P. Kendy, the husband of petitioner, acted for him in the management of the property and knew of his tenancy; and after his death, Joseph P. and Josephine went into possession as tenants of respondents, and never denied but always recognized their title. After the death of Joseph P., respondents allowed Josephine to continue in possession as their tenant, and she has never surrendered possession to them. Finally they signified to her their intention of terminating this tenancy and re-entering the property, when, for the first time, in 1887, they were informed that she claimed the property as tenant for life under a deed dated January 2d, 1873, from Andrew J. McDowell to Joseph P. Kendy, in trust for Josephine during her life, and after her death in trust for Joseph P. in fee, and that his widow, the petitioner, claimed a vested remainder in fee. Respondents then employed counsel, and found that Joseph P., while in possession as their tenant, had made a deed, dated September 25th, 1872, conveying the land to McDowell, and that McDowell had then reconveyed, by the deed just mentioned, to Joseph P. in trust, etc. All this was done with the design of defeating respondents' title by their tenants. Respondents brought the ejectment suit, on which Josephine acknowledged service, and informed them that she would not contest the same as she knew that their title was superior to hers, and that she and her son had gone into possession as their tenants, etc. They deny all manner of unlawful combination, etc.

Upon the hearing, in addition to the above plead-

ings, the affidavits of Josephine Kendy and Jencks were introduced, denying any combination or collusion to interfere with the rights of petitioner, or keeping secret the fact of the filing of the ejectment suit, or the intentional non-payment of taxes; and setting forth that the taxes were unpaid for want of funds and inability to collect rents; that the property is and always has been insured for its full value; that Josephine and her husband and son held as tenants of respondents; and that the deeds to and from McDowell were procured with a view of defeating respondents' title, which Josephine knew was superior to hers, and therefore she would not resist the ejectment suit.

The court granted the prayer of the petitioner for a temporary injunction. The respondents excepted.

W. P. LaRoche and H. E. Wilson, by brief, for plaintiffs in error.

John M. Guerard and C. N. West, *contra*.

Simmons, Justice.

The trial judge did not abuse his discretion in granting an injunction in this case.

Judgment affirmed.